

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MATTHEW MOORE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:06-3514-HFF-BM |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

# ORDER

This case was filed as a Social Security action. Plaintiff, represented by fine counsel, seeks judicial review of the final decision of Defendant denying Plaintiff disability benefits. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision denying benefits be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 21, 2007, and Plaintiff filed his objections to the Report on January 11, 2008.

First, Plaintiff complains that the decision of the Administrative Law Judge (ALJ) was inconsistent and that he inexplicably rejected Plaintiff's mental impairments. (Objections 1-2.) Second, Plaintiff argues that the ALJ failed to mention the state court findings. (Objections 2-3.) Third, Plaintiff contends that the ALJ ignored the relevant regulatory factors in accessing pain. (Objections 3-4.) Fourth, Plaintiff maintains that the ALJ failed to properly evaluate and consider all of Plaintiff's impairments. (Objections 4.)

The Court has made a de novo review of the relevant portions of the record, as well as the applicable law, and finds no reversible error. Simply stated, and as observed by the Magistrate Judge in his comprehensive and well-reasoned Report, under the standard set forth in *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984), "the record contains substantial evidence to support the conclusion of [Defendant] that . . . Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period." (Report 14.)

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision denying benefits be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 24th day of January, 2008, in Spartanburg, South Carolina.

                                                      s/ Henry F. Floyd
                                                      HENRY F. FLOYD
                                                      UNITED STATES DISTRICT JUDGE